BP-A0959　Notice of Hearing and Advisement of Rights for Involuntary
AUG 11　　Hospitalization or Medication for Psychiatric Care or
　　　　　Treatment CDFRM　　　— COPY —
U.S. DEPARTMENT OF JUSTICE　　　　　　　　　　　FEDERAL BUREAU OF PRISONS

| Inmate Name | Register Number | Institution |
|---|---|---|
| Modeleski, Mitchell | 44202-086 | MCFP Springfield MO |

NOTICE: You have been referred for a hearing before a Psychiatrist to determine whether you should be: [check only one]

　　　Involuntarily Hospitalized ☐　　　Involuntarily Medicated ☑

for the purposes of Psychiatric Care or Treatment. This Notice sets forth the date, time, place, and purpose of the hearing. It also includes an explanation of the reasons for the proposed action and your rights before, during, and after the hearing.

Served on 10/01/2014 at 11:55 am  PM

Your Hearing will be held on ___10/01/2014___ at ___8:00 am___.
　　　　　　　　　　　　　　　　　Date　　　　　　　　　　Time

Your Hearing will be held at 10 G (hearing will be held no sooner than 10/01/14).
　　　　　　　　　　　　　　　　　　　　　　　　Place

In the space below is a detailed explanation of the reasons for the proposed action:

He is here for a 41d commitment. Since his arrival, he has declined having a mental illness or need for medication. However, he has been diagnosed with a major mental illness with notable delusional beliefs. He becomes easily agitated whenever we discuss his case or mental illness. After notification of this hearing, he wrote a detailed request to staff ordered them to "cease and desist" attempts to "forcefully medicate" him, which overall reflected his delusional beliefs. He has no insight into his mental illness.

RE: Washington v. Harper, 494 U.S. 210, 108 L.Ed.2d 178, 110 S.Ct. 01028 (1990) (excerpts incorporated by reference)
TO: Whom It May Concern
I specifically object to the false and misrepresentative statements made above by persons unknown to me. Therefore, those statements are refused for cause and returned to sender.
Paul Mitchell, All Rights Reserved (10/1/2014)
(cf. UCC 1-308)

Page 1 of 3

Case 6:14-cv-03460-MDH  Document 12  Filed 11/10/14  Page 1 of 18

Your rights include:

- A hearing before a Psychiatrist into whether you meet the criteria for involuntary hospitalization or medication. The Hearing Psychiatrist will not be your attending Psychiatrist, nor will s/he have been involved in your diagnosis or treatment;

- You are entitled to appear at the hearing. At the discretion of the Hearing Psychiatrist, your appearance may be by video-conference or in-person at your current facility;

- The opportunity to present evidence;

- The opportunity to have a staff representative available to assist you in compiling documentary evidence and written witness statements to present at the hearing;

- The opportunity to request witnesses;

- The opportunity to have a staff representative or the Hearing Psychiatrist question witnesses; and

- A copy of the written report of the Hearing Psychiatrist regarding the initial decision. The Report will include a detailed explanation justifying the decision.

This <u>Notice of Hearing and Advisement of Rights for Involuntary Hospitalization or Medication for Psychiatric Care or Treatment</u> was prepared by:

✱

_____          10/01/2014
Referring Psychiatrist Signature            Date

✱ *No signature on served copy!* PM

Robert Sarrazin, M.D.
Referring Psychiatrist Printed Name

See <u>Washington v. Harper</u>, 494 U.S. 210,
108 L.Ed.2d 178, 110 S.Ct. 1028 (1990)

PM
All Rights Reserved
(cf. UCC 1-308)

INSTRUCTIONS TO STAFF - Complete the following information based upon the inmate's response to the following inquiries. Provide the inmate with a copy of this form and have the inmate sign the original.

The inmate (has) ☒ (has not) ☐ requested witnesses.

_Robert G. White, USMCFP #36042-004_
Witness Name

_James E. Aldridge, USMCFP #17828-045_
Witness Name

The inmate (has) ☒ (has not) ☐ requested a staff representative.

_____  _(an officer duly credentialed_
Requested Staff Representative Name  _i.e. 5 USC 2104, 3331, 3332, 3333,_
_See also Law Library surveillance camera/records._  _5507)_ PM

By signing below, I acknowledge receiving a copy of this document and requesting the above named witnesses and/or staff representative.

_Paul Mitchell (chosen name)*** _    10/01/2014
Inmate Signature                    Date
_All Rights Reserved (cf. UCC 1-308)**_

INSTRUCTIONS TO STAFF - Complete the following information documenting the date and time a copy of this form was provided to the inmate.

                                    Served on 10/01/2014 at 11:55am..
The inmate received a copy of this form on __10/01/2014__ at __10:30 am__ . NO!
                                              Date              Time       PM
                                    *

_____     10/01/2014
Delivering Staff Signature         Date
* _No signature on served copy!_ PM
Dr. Pietz, Psychologist
Delivering Staff Printed Name and Title

INSTRUCTIONS TO STAFF - Complete this section ONLY if a copy of this form was delivered to the inmate but the inmate refused to sign the acknowledgment.

I have personally delivered a copy of this document to the inmate; however, the inmate refused to sign the acknowledgment. *

_____     10/01/2014
Delivering Staff Signature         Date
* _No signature on served copy!_ PM
Dr. Pietz, Psychologist
Delivering Staff Printed Name and Title

**_See also Washington v. Harper, 494 U.S. 210, 108 L.Ed.2d 178, 110 S.Ct. 1028 (1990)_
Prescribed by P6010
***_See Doe v. Dunning, 549 P.2d 1 (Washington State Supreme Court)_ PM

Page 3 of 3

Modeleski, M.P. (given name)
#44202-086

Exhibit A-1

[Defendant's Exhibit (2) PP-1-4] PM

procedural requirements.

**Constitutional Law § 528.5, 853 - state prisoner - interest in avoiding unwarranted administration of antipsychotic drugs - deprivation of liberty**

16. A state prisoner's interest in avoiding the unwarranted administration of antipsychotic drugs is not insubstantial, since (1) the forcible injection of medication into a nonconsenting person's body represents a substantial interference with that person's liberty, and (2) antipsychotic drugs can have <u>serious, even fatal, side effects,</u> such as (a) a <u>severe involuntary spasm</u> of the upper body, tongue, throat, or eyes, (b) motor restlessness, (c) a condition which can lead to <u>death from cardiac dysfunction,</u> and (d) a <u>neurological disorder</u> characterized by involuntary, uncontrollable movements of various muscles.

— <u>Washington v. Harper,</u>
494 U.S. 210, 108 L. Ed. 2d 178,
110 S. Ct. 1028 (1990)

LED2                                    1

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

<u>Re:</u> 2:14-CR-00027-NDF (USDC/DWY)

Modeleski, M.P. (given name)
#44202-086     Exhibit A-2

[14c][16] Respondent's interest in avoiding the unwarranted administration of antipsychotic drugs is not insubstantial. The forcible injection of medication into a nonconsenting person's body represents a substantial interference with that person's liberty. Cf. Winston v Lee, 470 US 753, 84 L Ed 2d 662, 105 S Ct 1611 (1985); Schmerber v California, 384 US 757, 772, 16 L Ed 2d 908, 86 S Ct 1826 (1966). The purpose of the drugs is to alter the chemical balance in a patient's brain, leading to changes, intended to be beneficial, in his or her cognitive processes. See n 1, supra. While the therapeutic benefits of antipsychotic drugs are well documented, it is also true that the drugs can have serious, even fatal, side effects. One such side effect identified by the trial court is acute dystonia, a severe involuntary spasm of the upper

[494 US 230]

body, tongue, throat, or eyes. The trial court found that it may be treated and reversed within a few minutes through use of the medication Cogentin. Other side effects include akathesia (motor restlessness, often characterized by an inability to sit still); neuroleptic malignant syndrome (a relatively rare condition which can lead to death from cardiac dysfunction); and tardive dyskinesia, perhaps the most discussed side effect of antipsychotic drugs. See Finding of Fact 1, App to Pet for Cert B-7; Brief for American Psychological Association as Amicus Curiae 6-9. Tardive dyskinesia is a neurological disorder, irreversible in some cases, that is characterized by involuntary, uncontrollable movements of various muscles, especially around the face. See Mills, 457 US, at 293, n 1, 73 L Ed 2d 16, 102 S Ct 2442. The State, respondent, and amici sharply disagree about the frequency with which tardive dyskinesia occurs, its severity, and the medical profession's ability to treat, arrest, or reverse the condition. <*pg. 204> A fair reading of the evidence, however, suggests that the proportion of patients treated with antipsychotic drugs who exhibit the symptoms of tardive dyskinesia ranges from 10% to 25%. According to the American Psychiatric Association, studies of the condition indicate that 60% of tardive dyskinesia is mild or minimal in effect, and about 10% may be characterized as severe. Brief for American Psychiatric Association et al. as Amici Curiae 14-16, and n 12; See also Brief for American Psychological Association as Amicus Curiae 8.[12]

[494 US 231]

— *Washington v. Harper,*
494 U.S. 210, 108 L. Ed. 2d 178,
110 S.Ct. 1028 (1990)

LED2                                    1

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Re: 2:14-CR-00027-NDF (USDC/DWY)

Modeleski, M.P. (given name)
#44202-086    Exhibit A-3

I

The Court acknowledges that under the Fourteenth Amendment "respondent possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs," ante, at 221, 108 L Ed 2d, at 198, but then virtually ignores the several dimensions of that liberty. They are both physical and intellectual. Every violation of a person's bodily integrity is an invasion of his or her liberty. The invasion is particularly intrusive if it creates a substantial risk of permanent injury and premature death.[1] Moreover, any such action is degrading if it overrides a competent person's choice to reject a specific form of medical treatment.[2] And when the purpose

[494 US 238]

or effect of forced drugging is to alter the will and the mind of the subject, it constitutes a deprivation of liberty in the most literal and fundamental sense.

"The makers of our Constitution undertook to secure conditions favorable to the pursuit of happiness. They recognized the significance of man's spiritual nature, of his feelings and of his intellect. They knew that only a part of the <*pg. 209> pain, pleasure and satisfactions of life are to be found in material things. They sought to protect Americans in their beliefs, their thoughts, their emotions and their sensations. They conferred, as against the Government, the right to be let alone-the most comprehensive of rights and the right most valued by civilized men." Olmstead v United States, 277 US 438, 478, 72 L Ed 944, 48 S Ct 564 (1928) (Brandeis, J., dissenting).

The liberty of citizens to resist the administration of mind altering drugs arises from our Nation's most basic values.[3]

[494 US 239]


The record of one of Walter Harper's involuntary medication hearings at the Special Offense Center (SOC) notes: "Inmate Harper stated he would rather die th[a]n take medication."[4] That Harper would be so opposed to taking psychotropic drugs is not surprising: as the Court acknowledges, these drugs both "alter the chemical balance in a patient's brain" and can cause irreversible and fatal side effects.[5]

[494 US 240]

The prolixin <*pg. 210> injections that Harper was receiving at the time of his statement exemplify the intrusiveness of psychotropic drugs on a person's body and mind. Prolixin acts "at

— Washington v. Harper, 494 U.S. 210,
LED2   108 L. Ed. 2d 178,[1] 110 S. Ct. 1028 (1990)

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Re: 2:14-CR-00027-NDF (USDC/DWY)

36042004

Modeleski, M.P. (given name)
#44202-086    Exhibit A-4

all levels of the central nervous system as well as on multiple organ systems."[6] It can induce catatonic-like states, alter electroencephalographic tracings, and cause swelling of the brain. Adverse reactions include drowsiness, excitement, restlessness, bizarre dreams, hypertension, nausea, vomiting, loss of appetite, salivation, dry mouth, perspiration, headache, constipation, blurred vision, impotency, eczema, jaundice, tremors, and muscle spasms. As with all psychotropic drugs, prolixin may cause tardive dyskinesia, an often irreversible syndrome of uncontrollable movements that can prevent a person from exercising basic functions such as driving an automobile, and neuroleptic malignant syndrome, which is 30% fatal for those who suffer from it.[7] The risk of side effects increases over time.[8]

The Washington Supreme Court properly equated the intrusiveness of this mind altering drug treatment with electroconvulsive therapy or psychosurgery. It agreed with the Supreme Judicial Court of Massachusetts' determination that the drugs have a " 'profound effect' " on a person's" 'thought

[494 US 241]

processes' " and a " 'well-established likelihood of severe and irreversible adverse side effects' " and that they therefore should be treated " 'in the same manner we would treat psychosurgery or electroconvulsive therapy.' " 110 Wash 2d 873, 878, 759 P2d 358, 362 (1988) (quoting In re Guardianship of Roe, 383 Mass 415, 436-437, 421 NE2d 40, 53 (1981)). There is no doubt, as the State Supreme Court and other courts that have analyzed the issue have concluded, that a competent individual's right to refuse such medication is a fundamental liberty interest deserving the highest order of protection.[9]

II

Arguably, any of three quite different state interests might be advanced to justify a deprivation of this liberty interest. The State might seek to compel Harper to submit to a mind altering drug treatment program <*pg. 211> as punishment for the crime he committed in 1976, as a "cure" for his mental illness, or as a mechanism to maintain order in the prison. The Court today recognizes Harper's liberty interest only as against the first justification.

Forced administration of antipsychotic medication may not be used as a form of punishment. This conclusion follows inexorably from our holding in Vitek v Jones, 445 US 480, 63 L Ed 2d 552, 100 S Ct 1254 (1980), that the Constitution provides a convicted felon the protection of due process against an involuntary transfer from the prison population to a mental hospital for psychiatric treatment. We explained:

[494 US 242]

— Washington v. Harper, 494 U.S. 210, 108 L. Ed. 2d, 110 S.Ct. 1028 (1990)

LED2

2

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Re: 2:14-CR-00027-NDF (USDC/DWY)

36042004

FROM: 44202086
TO: Brown, Thomas; Saccato, Larry
SUBJECT: case law: Fifth and Sixth Amendments
DATE: 04/26/2014 03:10:35 PM

Exhibit B-1.1

TO:
Dr. C. Low
dba Forensic Psychologist
FDC SeaTac

— COPY — PM

Dr. Low:

I have located the following court decisions in order to demonstrate the sincere good faith of my position concerning the second "psychological examination" which you are endeavoring to conduct allegedly on the basis of an invalid Federal Court "order":

"If defense counsel is not present at [a] psychiatric examination, defendant should be asked by examiner whether he understands that counsel is entitled to be present and if he consents to be examined in absence of counsel; defendant should further be informed that examination is conducted on behalf of prosecution and its results will be available for use against defendant without confidentiality of doctor-patient relationship."
-- State v. Mains, 295 Or 640, 669 P.2d 1112 (1983)

(1) PM

"Statements made during course of [a] court ordered psychiatric examination are 'testimonial' in nature; thus, compelled utterances during course of examination must be viewed as implicating [the] privilege against self-incrimination; statements obtained under compulsion of court ordered examination are not available to prosecution even for limited impeachment purposes."
-- Blaisdell v. Commonwealth, 372 Mass 753, 364 NE.2d 191 (1977)

(2) PM

"Protection of defendant's constitutional privilege against self-incrimination and right to assistance of counsel at [a] pre-trial court-ordered psychiatric examination requires that [a] tape-recording of entire interview be given to his and government's lawyer, and [an] in camera suppression hearing be held to guarantee that court-ordered psychiatrist's testimony will not contain any incriminating statements."
-- State v. Jackson, 171 W VA 329, 298 SE.2d 866 (1982)

(3) PM

For the record, you have NOT informed me that your "examination" has been and is being conducted on behalf of the prosecution, and that its results will be available for use against me without the confidentiality of a doctor-patient relationship.

Your apparent ignorance of the Law in this matter has also resulted in your having given me what amounted to "bad legal advice" i.e. you did NOT at any time ask me if I understood that counsel is entitled to be present and if I consented to be examined in the absence of counsel.

Re: 2:14-cr-00027-NDF (USDC/DWY)

On the contrary, I do specifcally remember saying to you that
I am being detained here at FDC SeaTac UNDER DURESS
of a fraudulent "search warrant" -and- a fraudulent
"arrest warrant" (chiefly: no compliance with 28 U.S.C. 1691;
missing credentials confirmed for several Clerks' Office personnel;
COUNTERFEIT OPM Standard Form 61 published at www.opm.gov;
no OPM Application for OMB review and approval of that SF-61).

See further elaborations in my NOTICE OF TERMINATION [to Mr. Mark Hardee]
and FORMAL OBJECTIONS TO "PSYCHOLOGICAL EVALUATION" #2,
copies of which I have already transmitted to your attention, and
which are hereby incorporated by reference as if set forth fully here.

Exhibit B-1.2

—COPY—

NOTICE OF SPECIFIC RESERVATION

I do NOT consent to be examined in the absence
of competent and qualified assistance of Counsel:
see Fifth and Sixth Amendments, U.S. Constitution;
18 U.S.C. 241, 242, 912, 1513, 1519, 1962(d), 1964;
Miranda v. Arizona (re: Rights secured by the Constitution);
44 U.S.C. 3512; 5 CFR 1320.5, and Rotella v. Wood infra
(re: objectives of Civil RICO).

Thank you for honoring all of my Fundamental Rights
e.g. Rights secured by the Fourth, Fifth, Sixth and
Eighth Amendment, for starters.

Sincerely yours,
Paul Andrew Mitchell, B.A., M.S. (chosen name)* *PM*
Private Attorney General, 18 U.S.C. 1964, Rotella v. Wood, 528 U.S. 549 (2000)
All Rights Reserved (cf. UCC 1-308)

*Paul Mitchell*

* *Doe v. Dunning*, 549 P.2d 1
(Washington State Supreme Court)

Re: 2:14-CR-00027-NDF (USDC/DWY)

Witnesses for Modeleski, M.P. #44202-086

(1) Robert G. White
#36042-004

Exhibit C-1

(2) James E. Aldridge, Jr.
#17828-045

(3) Law Library surveillance camera and recordings, USMCFP

Re: 2:14-CR-00027-NDF (USDC/DWY)

FROM: 44202086
TO: Brown, Thomas; Guenette, Edward; Mullen, Jack; Saccato, Larry
SUBJECT: FAIR WARNING/ACTUAL NOTICE AND DEMAND TO CEASE AND
DATE: 10/01/2014 08:14:05 AM

*Exhibit D-1*

*— COPY —*

INMATE REQUEST TO STAFF

U.S. DOJ/BOP

TO: Staff Psychologists / Psychiatrist

DATE: 9/26/2014

FROM: Modeleski, M.P. (given name)*

REG. NO.: 44202-086

UNIT: 10-G

WORK ASSIGNMENT: (n/a)

FAIR WARNING / ACTUAL NOTICE AND DEMAND TO CEASE AND DESIST

TO: Whom It May Concern

Threatening a federal witness is a felony violation of 18 U.S.C. 1513(a), (c),
(e), and (f). Statements made by USMCFP staff psychologists to me to date
imply a probable threat, and specific intent to cause serious brain damages,
and to impair my ability to testify and otherwise prepare and participate
in my own defense, and in the defense of certain named Co-Defendants.
These Co-Defendants have a Fundamental Right to compel my unimpaired testimony
as a key defense witness. I have expressly reserved my Right to proceed
In Propria Persona i.e. "personally" under 28 U.S.C. 1654. FORMAL DEMAND IS HEREBY
MADE OF YOU TO CEASE AND DESIST FROM ANY AND ALL THREATS OR ATTEMPTS
TO "FORCEFULLY MEDICATE" ME AGAINST MY EXPRESSED DESIRE THAT YOU NOT DO SO.
ALL SUCH MEDICATIONS VIOLATE MY RELIGIOUS CONVICTIONS. Cf. "pharmakeia"
(sorcery, witchcraft) in the Revelation (last Book of the New Testament).

Respectfully,
/s/ Paul Andrew Mitchell     *Paul Mitchell*
Paul Andrew Mitchell, B.A., M.S. (chosen name)*
Qualified Federal Witness, 18 U.S.C. 1512, 1513

* Doe v. Dunning, 549 P.2d 1

All Rights Reserved (cf. UCC 1-308)

Re: 2:14-CR-00027-NDF (USDC/DWY)

FROM: 44202086
TO: Brown, Thomas; Guenette, Edward; Mullen, Jack; Saccato, Larry
SUBJECT: LEGAL NOTICE (to Warden et al.)
DATE: 10/01/2014 08:29:56 AM

*Exhibit E-1*

*— COPY —*

LEGAL NOTICE

RE: USA v. Hill et al., #2:14-CR-00027-NDF (USDC/DWY)

TO: Hon. Warden et al.
    USMCFP/Springfield

Greetings Hon. Warden et al.:

In the above entitled case, please be informed that defense Counsels for two (2) other named Defendants have now identified me as an "essential witness" for one Defendant, and as "critical to [the] defense" of another Defendant.

At Docket entry #208 supra, I am described as:

(1) "critical to her [Defendant Reeder's] defense in this matter and particularly her defense to Count 2" [Page 1 of 2]

At Docket entry #202 supra, I am also described as follows:

(2) "his [Mitchell's] testimony will be 'substantially exculpatory.' Mr. Mitchell has unique and direct knowledge of several of the issues and many documents in this case." [Page 2 of 5]

(3) "Mr. Mitchell is an 'essential witness' to Mr. Hill's defense", citing 18 USC 3161(h)(3)(A) (i.e. delay resulting from the absence or unavailability of the defendant or an essential witness) [Pages 2 of 5 and 3 of 5]

(4) "Mr. Mitchell is certainly capable of remembering events and communicating what he observed or performed. He is certainly capable of telling the truth." [Page 4 of 5]

(5) "Mr. Mitchell is critical to his [Defendant Hill's] defense one way or the other." [Page 4 of 5]

(6) "Resolution of this case 'for all Defendants' does not include resolution for Mr. Hill if it means Mr. Mitchell is not able to testify on his behalf or appear as a joined defendant." [Page 4 of 5]

Thank you for your professional consideration.

Respectfully,
/s/ Paul Andrew Mitchell    *Paul Mitchell (chosen name)*
Private Attorney General, Civil RICO: 18 USC 1964,
Rotella v. Wood, 528 U.S. 549 (2000)    *See Doe v. Dunning, 549 P.2d 1*
(objectives of Civil RICO);
Agent of the United States as Qui Tam Relator,
False Claims Act: 31 USC 3729 et seq. (4X)

All Rights Reserved (cf. UCC 1-308)    Re: 2:14-CR-00027-NDF (USDC/DWY)

FROM: 44202086
TO: Brown, Thomas; Guenette, Edward; Mullen, Jack; Saccato, Larry
SUBJECT: NOTICE OF ERRORS by Harris & Harris, P.C.
DATE: 09/23/2014 03:55:49 PM

Exhibit F-1.1

— COPY —

TO:
Hon. Warden
USMCFP
P.O. Box 4000
Springfield 65801-4000
Missouri, USA

RE: August 6, 2014 letter from Terry J. Harris

Greetings Hon. Warden:

Please allow me to explain to you, and to all your subordinates
who may have a need to know, several serious errors that are
evident in the written correspondence you recently received
from Harris & Harris, P.C., Cheyenne, Wyoming.

On the first page of his cover letter to you dated August 6, 2014,
Mr. Terry J. Harris makes the following serious errors in the
first paragraph:

* "I represent Paul Mitchell"  [NOT correct]

* "Nancy Freudenthal's Order appointing me"  [NOT correct]

* "her more recent Order declaring Paul Mitchell incompetent"  [NOT correct]

As admitted in their written reply to my proper Request under the
Freedom of Information Act ("FOIA"), DOJ's Office of Information Policy
("OIP") did not find any SENATE CONFIRMATION in their appointment file
for Nancy Dell Freudenthal.

Moreover, her U.S. Office of Personnel Management ("OPM")
Standard Form 61 APPOINTMENT AFFIDAVITS ("SF-61")
are a counterfeit form because:

(a) no OMB control number is displayed at the upper right-hand corner;

(b) there is no paragraph citing 5 USC 2903 (Authority to administer); and,

(c) the electronic form at www.opm.gov was never reviewed or approved
    by the Office of Management and Budget ("OMB").

Also, Freudenthal's PRESIDENTIAL COMMISSION is incomplete because
of the counterfeit SF-61 executed by one Eric Holder, Jr. Here, see
5 USC 2902(c), which mandates the Attorney General's signature
on all such PRESIDENTIAL COMMISSIONS.

OIP's cover letter and responsive documents were mailed by me
to the P.O. Box of Harris & Harris, P.C. in Cheyenne, Wyoming,
while I was unlawfully detained at a county jail in Gering, Nebraska.

I also requested OIP to forward to that P.O. Box OIP's timely
reply to my proper FOIA Appeal.

Re 2:14-CR-0203-MDF (USDC/DWY)

Freudenthal's missing -and- defective credentials do violate at least
two Clauses in the U.S. Constitution (cf. 6:3, and either 2:2:2 or 2:2:3),
and a distinct group of other Federal laws which implement those Clauses.

As such, Ms. Freudenthal lacked the required authority to appoint
Mr. Harris legally to represent me; and, she lacked the required authority
to issue any order(s) whatsoever, least of all one that blatantly defames
me for being "incompetent" [sic]. Defamation is criminal.

Contrary to appearances (and pretenses) fostered by Mr. Harris et al.,
he does not and cannot legally "represent" me as long as I continue
to proceed In Propria Persona. I have always appeared In Propria Persona
i.e. "personally", which is my right under 28 USC 1654.

I have now survived two (2) Faretta hearings, which can be confirmed by
consulting the Court records in Docket #2:14-CR-00027-NDF-2 (USDC/Cheyenne).

If you still harbor any reasons why you may doubt or question what
I have written above, please feel free to "go to the source" and
contact OIP directly. That Office is also part of the same Department
("DOJ") of which you are presently an officer.

See 5 USC 3331, 3332, 3333, and 5507.

The real reason why I am presently incarcerated at USMCFP/Springfield
is our credential investigation.

If you wish to receive more information about that investigation,
I will be happy to answer your questions as promptly as humanly possible,
given the limited resources and severe restrictions which I am now
compelled to endure in violation of the Constitution, laws and treaties
of the United States.

Here, see the Supremacy Clause in the U.S. Constitution
and also the Act of Congress at 28 USC 2241(c)(3) in chief.

Thank you, Warden, for your continuing professional consideration.

Sincerely yours,
/s/ Paul Andrew Mitchell, B.A., M.S. (chosen name)*
Private Attorney General, Civil RICO: 18 USC 1964,
Rotella v. Wood, 528 U.S. 549 (2000)
(objectives of Civil RICO);
Agent of the United States as Qui Tam Relator,
False Claims Act: 31 USC 3729 et seq. (4X)

* See Doe v. Dunning, 549 P.2d 1 (Washington State Supreme Court)
(fundamental principle and common-law right to change one's name)

All Rights Reserved (cf. UCC 1-308)

*Handwritten annotations:* Exhibit F-1.2 — COPY —; Re: 2:14-CR-00027-NDF (USDC/DWY)

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                          FEDERAL BUREAU OF PRISONS

TO: (Name and Title of Staff Member) Robert Sarrazin, Chief of Psychiatry
DATE: 10/1/2014
FROM: Modeleski, M.P. (given name)
REGISTER NO.: 44202-086
WORK ASSIGNMENT: (cf. VCC 1-308) (n/a)
UNIT: 10-G

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I am hereby refusing your BP-A0959 (Notice of Hearing) for fraud: it was NOT served at 10:30 a.m.; it was hand-delivered to me by C. Pietz at 11:55 a.m. As such, service was effected almost four (4) HOURS after the hearing scheduled for 08:00 a.m. today (10/1/2014). Obviously, I could NOT attend any hearing at 08:00 a.m. because I was not provided any timely Notice of same prior to 08:00 a.m. Page 2 states, under "rights": I am entitled to appear at the hearing. Your BP-A0959 thus violates Due Process of Law (read: Notice and Hearing). Pretty BASIC for our Law!
p.s. Documentation to follow.     /s/ Paul Mitchell

(Do not write below this line)

DISPOSITION:

Signature Staff Member                              Date

Record Copy - File; Copy - Inmate              This form replaces BP-148.070 dated Oct 86
(This form may be replicated via WP)            and BP-S148.070 APR 94



Case 6:14-cv-03460-MDH   Document 12   Filed 11/10/14   Page 15 of 18

— COPY —

## Confidential Notice

TO: Robert Sarrazin, M.D.
DATE: 10/2/2014
SUBJECT: C. Pietz dba Psychologist
[aka "Dr. Christina A. Pietz"]

Greetings Dr. Sarrazin:

I regret it is now necessary to inform you formally that probable cause now exists to place C. Pietz under investigation on suspicion of threatening a qualified Federal Witness and defamation per se.

It is now evident that C. Pietz has seen the FAIR WARNING/ACTUAL NOTICE AND DEMAND TO CEASE AND DESIST. But, she has chosen to persist with slander, libel, and willful intimidation of my Person, in probable violation of 18 U.S.C. 1513, and provisions in 2 Human Rights Treaties guaranteeing my Fundamental Right to a good name and reputation.

See the Universal Declaration of Human Rights and the International Covenant on Civil and Political Rights: treaties are supreme Law (see Supremacy Clause).

[Please see next page]

— 1 —

— COPY —

<u>Confidential Notice</u> (continued)

Kindly exercise your organizational authority by taking all appropriate steps to prevent all violations alleged above. See 42 U.S.C. 1986 (neglect to prevent).

Thank you for your continuing professional consideration.

Respectfully submitted,

Paul Andrew Mitchell (chosen name)
Paul Andrew Mitchell, B.A., M.S. *     PAM
Qualified Federal Witness, 18 U.S.C. 1513

All Rights Reserved (cf. UCC 1-308)

* See <u>Doe v. Dunning</u>, 549 P.2d 1
(Washington State Supreme Court); and,
<u>Washington v. Harper</u>, 494 U.S. 210 (1990)!

<u>RSVP TO</u>:
    Modeleski, M.P. (given name)
    Ward 10-G
    USMCFP / Springfield

- 2 -

PROOF OF SERVICE

I, Paul Andrew Mitchell, B.A., M.S., hereby verify under penalty of perjury, under the laws of the United States of America pursuant to 28 U.S.C. 1746(1), that I caused the following document(s) to be mailed, with sufficient postage affixed, from the Mail Room at the U.S. Medical Center for Federal Prisoners in Springfield, Missouri, USA:

> NOTICE OF MOTION AND MOTION FOR
> INTERLOCUTORY JUDGMENTS: 28 U.S.C. 2201
> with Attachments

to the following addressee(s):

Office of Clerk of Court         annotated "LEGAL MAIL", "Special Mail"
United States District Court     and "All Rights Reserved (cf. UCC 1-308)"
400 East 9th Street, Room 1510
Kansas City 64106
Missouri, USA

Dated: 11/4/2014

Signed: *Paul Mitchell*

Printed: Paul Andrew Mitchell, B.A., M.S.
Relator In Propria Persona (initially)
and In Forma Pauperis (USDC/DWY)