PAST DUE NOTICE

TO: Hon. Linda Sanders, Warden
USMCFP/Springfield

- COPY -

DATE: 11/9/2014

SUBJECT: Past Due FOIA Request #2015-000348: 5 USC 552; 18 USC 912

Greetings Warden:

Due to certain overt acts committed in my presence, on or about 10/1/2014 I wrote and mailed to the BOP Disclosure Officer in Washington, D.C., a proper Request under the Freedom of Information Act ("FOIA") for true and correct copies of the U.S. OPM Standard Form 61 APPOINTMENT AFFIDAVITS for the following Federal personnel now employed at USMCFP/Springfield, Missouri:

(1) Michael McIntyre, Case Manager;
(2) Christina A. Pietz, Psychologist, Mental Health Unit Staff;
(3) Jon Roberts, Mental Health Unit Manager;
(4) Robert Sarrazin, Chief of Psychiatry; and,
(5) Elizabeth Tyner, Psychologist, Mental Health Unit Staff

That FOIA Request specifically cited 5 USC 2104, 2903, 2906, 3331, 3332, 3333, 5507; 44 USC 3501 et seq. and 3512.

On or about October 18, 2014, I received via U.S. Mail a letter dated October 15, 2014, from a Richard W. Schott, Regional Counsel, U.S. Department of Justice, Federal Bureau of Prisons, North Central Regional Office, Tower II, 8th Floor, 400 State Street, Kansas City, KS 66101-2421. That letter acknowledged my FOIA Request and assigned Request Number #2015-000348; but, no date was stated on which a determination is expected to be dispatched. See 5 USC 552(a)(6)(B).

Because more than 20 business days have now elapsed, it appears that my FOIA Request is now PAST DUE. See 5 USC 552(a)(6)(A).

Accordingly, the overt acts committed by the above named personnel on 11/6/2014 and 11/7/2014 appear to constitute probable cause that 18 USC 912 has been violated (i.e. "officer or employee"). Here, see Caruso v. U.S., 414 F.2d 225 (5th Cir. 1969); U.S. v. Lepowitch, 318 U.S. 702 (1943); Haggerty v. U.S., 5 F.2d 224 (7th Cir. 1925); and Brafford v. U.S., 259 F. 511 (6th Cir. 1919).

Because violations of 18 USC 912 are felony Federal offenses, I am reporting this matter to your Office to satisfy 18 USC 4.

Respectfully,

Paul Mitchell

Paul Andrew Mitchell, B.A., M.S. (chosen name)
BOP Reg. No 44202-086, Ward 10-G

Copy: Dr. Wolfson, Psychiatrist

Docket #14-3460-CV-S-MDH-P



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

*Tower II, 8th Floor*
*400 State Street*
*Kansas City, KS 66101-2421*

October 15, 2014

-COPY-

PM

Mitchell P. Modeleski
MCFP Springfield
Reg. No.: 44202-086
P.O. Box 4000
Springfield, MO 65801-4000

RE: Freedom of Information Act/Privacy Act Request Number: 2015-00348

Dear Requestor:

This acknowledges our receipt of your Freedom of Information Act (FOIA) request._ Pursuant to Title 28 C.F.R. Part 16.3, the filing of a FOIA/PA request is considered an agreement by you to pay all applicable fees charged under § 16.11, up to $25.00. Regulations that may be pertinent to your request may be found at Title 28 C.F.R. Parts 16 and 513.

We have examined your request and have determined that the documents responsive to your request must be searched for and collected from a field office. As a result, the amount of time necessary to respond to your request will increase. Once responsive documents have been collected from the field, we will process your request in the order that it was received.

Sincerely,

for S. SIMMONS

Richard W. Schott
Regional Counsel

-COPY-

Freedom of Information Act Request:
5 U.S.C. 552 ("FOIA")

TO: Federal Bureau of Prisons
Attn: Disclosure Officer
Central Office, FOIA/PA Section
320 First Street, N.W.
Washington 20534
District of Columbia, USA

DATE: 10/1/2014

RE: 5 U.S.C. 2104, 2903, 2906, 3331, 3332, 3333, 5507
44 U.S.C. 3501 et seq., 3512

Greetings Disclosure Officer:

This is a proper Request under 5 U.S.C. 552 for a true and correct copy of valid U.S. OPM Standard Form 61 APPOINTMENT AFFIDAVITS for the following Federal personnel now employed at USMCFP/Springfield, Missouri:

(1) Michael McIntyre, Case Manager
(2) C. Pietz, Psychologist [Christina A. Pietz]
(3) J[Jon] Roberts, Unit Manager [Mental Health]
(4) Robert Sarrazin, Chief of Psychiatry; and
(5) E. Tyner, Psychologist (might be L. Tyner). [Elizabeth] [Mental Health Unit Staff, Team 1)

[Please continue next page]

— COPY —

VERIFICATION

I hereby verify under penalty of perjury, under the laws of the United States of America, that I am the proper Person making this Request, per 28 U.S.C. 1746(1).

Date: 10/1/2014

Respectfully,

Paul Andrew Mitchell PM

Paul Andrew Mitchell, B.A., M.S. (chosen name)*

* See Doe v. Dunning, 549 P.2d 1

All Rights Reserved (cf. UCC 1-308)

p.s. If your Office is not responsible for processing this Request, please expedite it to the office that is responsible for processing FOIA Requests. Thank you!

SHIP TO:

Modeleski, M.P. (given name)
USMCFP #44202-086
P.O. Box 4000
Springfield 65801-4000
Missouri, USA

FORMAL NOTICE OF FIFTH AND SIXTH AMENDMENT VIOLATIONS

TO: Psychologists and Psychiatrists
USMCFP / Springfield

DATE: November 10, 2014 A.D.

-COPY-

RE: 18 U.S.C. 241, 242

TO WHOM IT NOW CONCERNS:

The following court case abstracts were provided to Cynthia Low dba Forensic Psychologist at FDC/SeaTac on 4/26/2014, and to you and your subordinates as Exhibit B-1.1 attached to my written refusal of your BP-A0959 properly annotated to identify major errors:

> "If defense counsel is not present at [a] psychiatric examination, defendant should be asked by examiner whether he understands that counsel is entitled to be present and if he consents to be examined in the absence of counsel; defendant should further be informed that examination is conducted on behalf of prosecution and its results will be available for use against defendant without confidentiality of doctor-patient relationship."
> -- State v. Mains, 295 Or 640, 669 P.2d 1112 (1983)

> "Statements made during course of [a] court ordered psychiatric examination are 'testimonial' in nature; thus, compelled utterances during course of examination must be viewed as implicating [the] privilege against self-incrimination; statements obtained under compulsion of court ordered examination are not available to prosecution even for limited impeachment purposes."
> -- Blaisdell v. Commonwealth, 372 Mass 753, 364 NE.2d 191 (1977)

> "Protection of defendant's constitutional privilege against self-incrimination and right to assistance of counsel at [a] pre-trial court-ordered psychiatric examination requires that [a] tape-recording of entire interview be given to his and government's lawyer, and [an] in camera suppression hearing be held to guarantee that court-ordered psychiatrist's testimony will not contain any incriminating statements."
> -- State v. Jackson, 171 W Va 329, 298 SE.2d 866 (1982)

At no time on 11/6/2014 or 11/7/2014 did you or any of your subordinates observe or comply with the clear requirements of the Fifth and Sixth Amendments as stated above, even after you were provided with printed hard-copy NOTICE of same no later than 10/1/2014.

Please also be informed hereby that a Counselor at USMCFP has now threatened me, to my face, with destruction of evidence I authored in my case. Destruction of material records may be a violation of 18 USC 1001 and/or 1519 and/or 2071. If "shredding" documents is a standard "practice" at USMCFP, that may fully or partially explain why some of you may have not received the case abstracts repeated above.

Respectfully submitted,
/s/ Paul Andrew Mitchell, B.A., M.S. *Paul Mitchell*
BOP Reg. No. 44202-086

*PM*

-, M.T. (givenname)

-086

Center for Federal Prisoners

4000

ield 65801-4000

i, USA


1.82

LEGAL MAIL

al Mail"

TO: Clerk of Court
U.S. District Court
400 East 9th St, Room 1510
Kansas City 64106
Missouri, USA

64106

0-CV-S-MDH-P
MOTIONS)