Paul Andrew Mitchell, B.A., M.S., Sui Juris
c/o USMCFP #44202-086
P.O. Box 4000
Springfield 65801-4000
Missouri, USA

In Propria Persona (initially)
In Forma Pauperis

United States District Court

Western District of Missouri

Southern Division / Springfield

| | |
|---|---|
| United States ex relatione Paul Andrew Mitchell,<br><br>    Civil Cross-Plaintiff,<br><br>v.<br><br>Nancy Dell Freudenthal, Stephan Harris, L. Robert Murray, Linda Sanders, and Does 2 thru 100,<br><br>    Civil Cross-Defendants. | Case No. 14-3460-CV-S-MDH-P<br><br>NOTICE OF MOTION AND MOTION FOR ORDER FURNISHING CERTIFIED COPIES OF ALL DWY DOCKET RECORDS:<br><br>28 U.S.C. 2250. |

Comes now the United States ex rel. Paul Andrew Mitchell, B.A., M.S., Citizen of Washington State (expressly not a federal citizen), Private Attorney General under 18 USC 1964 and Agent of the United States under 31 USC 3729 et seq., pursuant to 28 USC 2250 to move this honorable Court for ORDERs to the Offices of Clerk of Court, WDMO and DWY, to furnish Relator, without cost, certified hard copies of all records currently filed in DWY Docket #2:14-CR-00027-NDF-2 aka 14-CR-27-F. Relator justifies the instant MOTION with all of the following good reasons:

[Please continue next page.]

(1) Despite the equal protection and level playing field implied by 28 USC 1654, Relator has suffered extensive discrimination, and retaliation, for exercising his Right to proceed In Propria Persona i.e. "personally" under section 1654.

(2) During many of the transfers required to move Relator forty-nine (49) discrete times since 1/28/2014, all of his legal papers and accumulated research were confiscated e.g. by the U.S. Marshals Service, leaving Relator without the means to prepare his own defense.

(3) The lack of access to PACER/ECM also renders it totally impossible for Relator to read and study the electronic version of said Docket records.

(4) Docket entry numbers are simply out of Relator's reach, under his present circumstances, preventing him from pointing this Court to specific entries by number.

(5) Some Docket numbers are groups of documents which are not individually itemized e.g. two (2) VERIFIED CRIMINAL COMPLAINTs timely lodged in Colorado and Wyoming State courts.

(6) Some Docket entries are known to be missing pages, and redundant copies were also filed which do supply the missing page(s).

(7) Serious errors were also introduced into the DWY Docket e.g. CJA attorney Mark C. Hardee aka "Hardlee" never legally represented Relator, but that Docket did show Hardlee as such, over Relator's repeated objections to no avail.

(8) Relator needs hard copies of <u>all</u> DWY Docket records to facilitate communication with prospective counsel and law firms.

(9) The Eighth Circuit has already held that licensed attorneys are required legally to represent qui tam relators with their FCA claims. See U.S. et al. v. Onan et al., 190 F.2d 1 (8th Cir. 1951);

also U.S. ex rel. Lu v. Ou, 368 F.3d 773 (7th Cir. 2004) (criticized in Shaw v. AAA Eng'g & Drafting Inc., 138 Fed. Appx. 62 (10th Cir. 2005)).

(10) As already shown in Relator's MOTION FOR RECONSIDERATION, incorporated here by reference, overlooking key DWY Docket entries runs the serious risk of inflicting further retaliatory damages upon Relator chiefly by known impostors who have invaded the DWY like some mythical "Trojan Horse" (read conspiracy).

(11) The latter MOTION also clarifies applicable authorities proving venue is proper in the WDMO e.g. 18 USC 1964, 1965(b) and RICO's liberal construction rule. See Notes under 18 USC 1961.

(12) Moreover, Relator's recent FOIA Request is now PAST DUE for the U.S. OPM SF-61 APPOINTMENT AFFIDAVITS of five (5) current USMCFP personnel. See 5 USC 3331, 3332, 3333.

(13) Under 5 USC 5507 and 18 USC 912, those same 5 personnel have probably made false salary and benefit claims against the U.S. Treasury, and impersonated officers and/or employees of the United States (a felony Federal offense).

(14) The blank SF-61 published at OPM's Internet website (Rev. August 2002) is a proven COUNTERFEIT: no OMB control number, no citation to 5 USC 2903 (Authority to administer), no periodic OMB review or approval in compliance with 5 CFR 1320.5. Here, compare 5 USC 702 and on the Internet see:

> www.supremelaw.org/cc/hedges/
> www.supremelaw.org/cc/hedges/opm/
> www.supremelaw.org/cc/hedges/omb/

(15) Even if SF-61s are produced for those 5 USMCFP personnel, the Paperwork Reduction Act ("PRA") effectively confers upon Relator the "right to inspect" same for compliance with the PRA, its implementing Regulation at 5 CFR 1320.5, and to refuse all COUNTERFEITs with total impunity. See the PRA's Public Protection Clause at

44 USC 3512 ("complete defense, bar, or otherwise at any time").

(16) Relator may soon find it necessary to move this Court to ORDER Warden Linda Sanders to show cause why <u>all</u> USMCFP personnel should not be required to execute valid APPOINTMENT AFFIDAVITS forthwith.

(17) Clearly, USMCFP personnel lacking requisite credentials firmly establish venue in the WDMO, <u>not</u> DWY.

(18) Relator was also placed in solitary confinement at FDC SeaTac (Seattle/Tacoma) admittedly for objecting to the missing OMB control numbers on BOP's intake forms!  44 USC 3512

(19) BOP forms at USMCFP also lack OMB control numbers e.g. BP-A0959, in clear violation of the PRA and 5 CFR 1320.5.

(20) Even DOJ's SF-95 (Federal Tort Claim) displays an OMB control number, but SF-95 also alleges that all Americans have been turned over to the United States as "collateral" [sic].

(21) Despite writing and filing two (2) MOTIONs TO DISMISS and at least one (1) SUPPLEMENT to same, Relator has <u>never</u> been allowed to see any briefs in opposition to same.

(22) Similarly, despite being promised same -- during "arraignment" -- Relator has never been allowed to see any grand jury transcripts ever!

REMEDY REQUESTED

This Court should ORDER the Clerks in DWY and WDMO to furnish Relator, without cost, printed and certified hard copies of all records currently filed in DWY Docket #2:14-CR-00027-NDF-2 aka 14-CR-27-F, and all records filed therein at any time in the future.

Respectfully submitted,                              Dated: 11/9/2014

*Paul Mitchell*
Paul Andrew Mitchell, B.A., M.S. (chosen name)
Relator In Propria Persona (initially) and In Forma Pauperis

FROM: 44202086
TO: Brown, Thomas; Guenette, Edward; Mullen, Jack; Saccato, Larry
SUBJECT: FIRST SUPPLEMENT TO MOTIONS TO DISMISS
DATE: 05/10/2014 06:13:58 AM

—COPY—

FIRST SUPPLEMENT TO MOTIONS TO DISMISS, BY AFFIDAVIT

TO:
Presiding Judge (duly credentialed)
District Court of the United States ("DCUS")
2120 Capitol Avenue
Cheyenne 82001
Wyoming, USA

DATE: May 10, 2014 A.D.

RE:
#2:14-CR-00027-NDF-2 (USDC/Cheyenne)
#MJ-14-00030-JPD     (USDC/Seattle)

Greetings Your Honor:

The following serious errors have also arisen in the instant cases:

(1) no litigation of Defendant's Cross-Complaints has occurred
e.g. Habeas Corpus Relief, FOIA Enforcement, Civil RICO remedies
at both USDCs (Seattle and Cheyenne), and litigation records have
been concealed from the Defendant, all in violation of the Petition
Clause in the First Amendment and 18 U.S.C. 241, 242, 1513, 1519
(for starters): "The Petition Clause is the Right conservative of
ALL other rights" (see U.S. Supreme Court cases on this point);

(2) willful manipulation and violation of the Speedy Trial guarantee:
from 1/28/2014 to 5/10/2014 = 103 days (not 70);
from 1/15/2014 to 5/10/2014 = 116 days (not 70);
adding 10 full days for "transport" is ludicrous;
Seattle-to-Cheyenne takes 1 day by plane, maybe 2 days;
total number of moves to date = 28 TIMES
(see Defendant's AFFIDAVIT); adding a full 30 days
for a second psychological evaluation was without basis
and without justification:

Defendant was provided no motion, no notice of any motion,
no notice of any hearing, and no hearing on any motion
for a second psychological evaluation; said "order"
as signed by Ms. Freudenthal violated 28 U.S.C. 1691 (again);

(3) venue was always proper in Seattle; Defendant last stepped
foot in Wyoming during a college ski trip in December 1968;
wrong venue violates FRCrP Rule 18;

(4) all Court "process" to date violated 28 U.S.C. 1691;
no credentials were produced for Clerks and Deputy Clerks
of Court at USDC/Cheyenne and USDC/Seattle i.e.
Messrs. McCool, Harris, Fisher, and Ms. Hilliker;

(5) Ms. Freudenthal must be recused nunc pro tunc for
obvious bias demonstrated

the credential investigation is NOT some kind of deranged
"pathological obsession"; Freudenthal even apologized
to Defendant in open court i.e. on the record, and either knew
or should have known better than to insult Defendant;

(6) docket updates were apparently served on "stand-by counsel"
Mark Hardee, but Hardee has never legally represented Defendant
and Hardee does not now legally represent Defendant, who
has always appeared under protest In Propria Persona, 28 U.S.C. 1654:
cf. "In Propria Persona" in Black's Law Dictionary, 6th Edition;

Hardee also failed to forward docket updates to Defendant,
or do any of the simple tasks requested by Defendant e.g.
obtain blank subpoenas, obtain Defendant's USMS file to support
Defendant's NOTICE OF PUBLIC-AUTHORITY DEFENSE
under FRCrP Rule 12.3; Hardee also lacks client focus;

Hardee's gross negligence violates the Sixth Amendment
guarantee of effective assistance of Counsel for a Party
appearing personally under 28 U.S.C. 1654 (NOT by counsel);
no REPLY(s) to Defendant's two (2) MOTIONs TO DISMISS
were ever forwarded to Defendant by Hardee or by anyone else;
see Johnson v. Zerbst (Court is thus OUSTED of jurisdiction);

(7) all "diesel/jet fuel therapy" (28 moves to date)
violated the Eighth Amendment prohibiting cruel and
unusual punishment, as did ~15 days in solitary confinement
and several incidents of sleep deprivation, one lasting 72+ hours;

lack of OMB control numbers on BOP's intake forms
did NOT justify any solitary confinement; see Public Protection
Clause in the Paperwork Reduction Act at 44 U.S.C. 3512 in chief
i.e. complete defense, bar or otherwise at any time during
judicial or administrative proceedings;

(8) during all hearings, administration of oaths to the
Defendant, and to one IRS "witness," was not lawful under
28 U.S.C. 953, because courtroom "clerks" have also failed
to produce credentials i.e. SF-61 and second OATH required
by 28 U.S.C. 951; all such oaths have now been rescinded
by Defendant formally in writing; see Defendant's NOTICE
OF RESCISSION BY AFFIDAVIT (April 28, 2014);

(9) the second psychological evaluation was compelled under duress
after moving Defendant a total of 28 times, but without assistance
of Counsel, without Miranda warnings re: self-incrimination,
without Defendant's consent to waive Counsel, and without
tape-recording of any interviews;

as such, the Fifth and Sixth Amendments were violated;
see case law already provided to Dr. C. Low dba Forensic
Psychologist at FDC SeaTac; Defendant's age also implies
elder abuse: Defendant will be 66 years old on 6/21/2014;

(10) missing Clerks' credentials mean that Defendant cannot
obtain ANY lawful blank subpoenas under FRCrP Rule 17:
such blank subpoenas would also violate 28 U.S.C. 1691 per force
in any case due to all the missing credentials for Clerk's Office
personnel;

---

(11) Freudenthal practiced law from the bench, e.g. by
attempting to rule on a "motion" from the government but
without notice to Defendant of any such motion and
without notice to Defendant of any hearing on any
such motion either:

Hardee has aided and abetted this fraudulent practice
by not forwarding any such motions or notices to the
Defendant, even if they did exist; no PROOFs OF SERVICE
upon Defendant exist, nor any MINUTE ORDER(s) either;

no government motions to dismiss Defendant's
Cross-Petitions were ever served on Defendant e.g.
for Habeas Corpus Relief, FOIA Enforcement and
Civil RICO remedies; and, all of Defendant's MOTIONs
seeking relief in said Petitions were unopposed but then
were summarily "denied" by Freudenthal on 3/21/2014;
practicing law from the bench is a high misdemeanor
Federal offense;

(12) Freudenthal has developed irreparable conflicts
of interest, partially detailed in Defendant's DEMAND
TO RECUSE Freudenthal: the arrest "warrant" violated
28 U.S.C. 1691, and was properly refused; Freudenthal's
gross negligence failed to maintain proper supervision
of Clerk's Office personnel who evidently all lack valid SF-61s
-and- the second OATH required by 28 U.S.C. 951;

such negligence affects all prior cases on which Freudenthal
has presided since being appointed on "day one," and implicates
Freudenthal in multiple ongoing violations of 18 U.S.C. 2 and 3
(aiding and abetting, and accessory after the fact, respectively);
see all of Defendant's VERIFIED CRIMINAL COMPLAINTs, in chief;

Freudenthal evidently did NOT read Defendant's pleadings which cited
18 U.S.C. 1504 and specifically requested timely INTERLOCUTORY
JUDGMENT on the last paragraph re: proper "request to appear";
the clarification in the LexisNexis version of the U.S.C.S. controls: the
last paragraph was added to eliminate the possibility that a proper request
to appear [in writing] might be a technical violation of 18 U.S.C. 1504;

(13) full credentials for Clerk's Office personnel and
all "government attorneys" were never produced and
now assume facts not in evidence: see FRCrP Rules 1, 6, 7;
5 U.S.C. 2104, 2903, 2906, 3331, 3332, 3333, 5507; and,
FREV Rule 201(c)(2): mandatory judicial notice
(NOT discretionary judicial notice under 201(c)(1));

(14) many of Defendant's 28 moves left Defendant
totally and deliberately stranded and without any adequate
law library resources e.g. at the Scotts Bluff County
Detention Center in Gering, Nebraska;

(15) Defendant's right of judicial review under 5 U.S.C. 702
was deliberately infringed, chiefly concerning the official written
admissions -- by OPM -and- OMB -- that no OPM Application exists
for periodic review and approval of the electronic SF-61
published at OPM's Internet website expressly

waives sovereign immunity, to wit:

"The United States may be named as a defendant in such an
action, and a judgment or decree may be entered against
the United States ...."

(16) further serious errors were already well documented in
Defendant's two (2) MOTIONs TO DISMISS.

## VERIFICATION

I, Paul Andrew Mitchell, Citizen of Washington State,
qualified Federal Witness, and Private Attorney General,
hereby verify under penalty of perjury, under the laws of
the United States of America, without the "United States"
(federal government), that the above statement of facts and
laws is true and correct, according to the best of my
current information, knowledge, and belief, so help me God,
pursuant to 28 U.S.C. 1746(1). See Supremacy Clause
(Constitution, Laws and Treaties of the United States
are the supreme Law of the Land).

Dated: May 10, 2014 A.D.

Signed: /s/ Paul Mitchell

Printed: Paul Andrew Mitchell, B.A., M.S., Relator In Propria Persona (NOT "Pro Se")
   (expressly NOT a "citizen of the United States" aka federal citizen: Pannill v. Roanoke), and
   Private Attorney General, 18 U.S.C. 1964, Rotella v. Wood (objectives of Civil RICO)
   All Rights Reserved (cf. UCC 1-308)

(givenname)
-086
Center for Federal Prisoners
400
1010 65801-4400
, USA

14-CV-S-MDH-P
(MOTIONS)

al Mail

LEGAL MAIL

TO: Clerk of Court
U.S. District Court
400 East 9th St, Room 1510
Kansas City 64106
Missouri, USA
64106

